JUAN DATIL RAMOS, PLAINTIFF-RESPONDENT, v. JUNE STRELECKI, DIRECTOR OF MOTOR VEHICLES, DEFENDANT-APPELLANT.

JUAN DATIL RAMOS, PLAINTIFF-RESPONDENT, v. JACOB CRUZ, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 20, 1970—Decided April 29, 1970.

154

Before Judges GOLDMANN, LEWIS and MATTHEWS.

*Mr. James J. Casby, Jr.,* argued the cause for appellant.

*Mr. James A. Mullen, Jr.,* argued the cause for respondent Cruz (*Messrs. Kisselman, Devine, Deighan & Montano,* attorneys).

*Messrs. Stransky, Poplar & Nickerson,* attorneys for respondent Ramos.

The opinion of the court was delivered by
GOLDMANN, P. J. A. D. Defendant Director of Motor Vehicles appeals from a Law Division judgment entered upon a jury verdict awarding plaintiff $9,000 in his action to recover for injuries suffered in a "hit-and-run" automobile accident under the provisions of the Unsatisfied Claim and Judgment Fund Law, *N. J. S. A.* 39:6–78.

The incident occurred on Christmas afternoon 1965 as plaintiff started to cross a street in Camden, N. J. He was unable to identify the automobile that hit him or the driver. Accordingly, he instituted suit in October 1966 against defendant Director. After answer filed, the depositions of defendant Cruz and one Colon were taken in July 1967. In the course of his deposition Colon identified the vehicle which struck plaintiff as one driven by Cruz. Shortly thereafter, on November 20, 1967, plaintiff instituted suit against Cruz, alleging he was the driver of the offending vehicle.

Counsel for defendant Director then sought and obtained an order consolidating the two matters for trial. Following this, he moved for summary judgment, seeking dismissal of the case against the Director on the ground

that plaintiff first had to exhaust his remedies against the known identified defendant. The motion was denied, the trial judge voicing concern that plaintiff might possibly be exposed to inconsistent judgments if the Director were dismissed at that juncture, i. e., Cruz might be held not to have been the hit-and-run driver in the second suit and later, in the action against the Director, another jury might decide that Cruz was in fact the driver. These possible inconsistent verdicts would leave plaintiff without a remedy. There was no attempt to seek leave to appeal from the interlocutory order denying the motion.

The consolidated cases proceeded to trial against both the Director and Cruz. At the close of all the evidence counsel for the Director, who had actively participated in the trial, again moved for a dismissal, contending that plaintiff could not proceed against the identified known defendant, Cruz, and the Director in the same action. This motion, too, was denied, the trial judge indicating that to release the Director at that point in the proceedings would be highly prejudicial to defendant Cruz. Plaintiff's counsel, in turn, submitted a written request that the jury be charged that it could not consider the issue of plaintiff's contributory negligence because defendants had presented no evidence to that effect. The trial judge denied the request and in the course of his charge instructed the jury on the issue of plaintiff's contributory negligence. Following the return of a $9,000 verdict against the Director only, the Director unsuccessfully moved for a new trial. This appeal followed.

It is first argued that the Director's liability should not have been submitted to the jury with the issue of Cruz' liability. The decision in *Schaeffer v. Strelecki*, 107 *N. J. Super.* 7 (App. Div. 1969), decided a month after the filing of the notice of appeal in this case, is clearly dispositive of that contention. In that case plaintiffs first sued defendants Balderose, alleging them to be the tortfeasors in the automobile accident in question. Defendants denied that their car was involved and, although there was some evi-

dence that seemed to involve them in the accident, they were successful in having the case dismissed against them on a motion for summary judgment. Plaintiffs thereupon instituted suit against the Director pursuant to the hit-and-run provisions of the Unsatisfied Claim and Judgment Fund Law. The Director defended the action in a full trial as to liability, the only real issue submitted to the jury being whether the accident involved a known driver (Mrs. Balderose) or an unknown one. The jury found in the Director's favor, thus finding, in effect, that Mrs. Balderose had been driving the offending car. Plaintiffs' motion for a new trial having been denied, they appealed. They then applied to the judge who had granted summary judgment in the Balderose case for relief pursuant to *R. R.* 4:62–2(f) [now *R.* 4:50–1(f)]. Denial of that motion resulted in a second appeal. This court reversed and remanded the case for a new consolidated trial as to all parties. After quoting from what another Part of the Appellate Division had said in *Dietz v. Meyer,* 79 *N. J. Super.* 194, 200–201 (1963), the court said:

> We accordingly hold that where genuine doubt exists as to the identification of the person (owner or driver) responsible for the operation of an automobile in a "hit and run" accident resulting in personal injury or death, the plaintiff shall not be required to exhaust his remedy against the assumed driver and owner before recourse to suit against the Director, but, provided he is otherwise eligible to do so, may implead the latter as a defendant in the alternative in the suit against the assumed owner or driver, or both. Thereafter, liability shall be determined at a single trial. We are satisfied that this method of procedure best comports with the liberal construction to be given to the Unsatisfied Claim and Judgment Fund Law, *Giles v. Gassert,* 23 *N. J.* 22, 34 (1956), the spirit of our modern practice, and the requirements of substantial justice. [107 *N. J. Super.* at 13]

The court further said that "where there is probable cause to entertain doubt as to the identity of the tortfeasor, the overall interests of the Director will be better served by permitting her to be made a party to the action at its inception." *Ibid.*

*Farnham v. Strelecki,* 101 *N. J. Super.* 1 (App. Div. 1968), on which the Director relies, is not to the contrary, nor is *Nash v. Iamurri,* 76 *N. J. Super.* 167 (Law Div. 1962), referred to in *Farnham.* Plaintiff could have, in good faith, not instituted suit against defendant Cruz based on a reasonable determination that he was not the driver of the hit-and-run vehicle, and proceeded against the Director only. Cruz was not identified as the possible known defendant until more than 1½ years after the happening of the accident. The two cases were consolidated for trial on application by the attorney for the Director himself, and because of this consolidation she was able to participate in the action and to protect her interest.

It is to be observed that if the Director had been permitted to be relieved at the close of the evidence and Cruz had been found not liable by the jury, as he was, there would then have to be a second trial against the Director. Such a procedure would be in direct conflict with our judicial policy against multiplicity of litigation.

It is also to be noted that if the Director felt that the consolidated actions would be prejudicial to her or otherwise contrary to the legislative purpose evinced by *N. J. S. A.* 39:6-78, she could have sought leave to appeal from the denial of her motion for summary judgment. Further, and at an earlier stage of the proceedings, she should not have applied for a consolidation of the actions, but rather have sought a stay of the action against her until the suit against Cruz was determined. This is basically what happened in *Nash v. Iamurri,* above.

The Director attempts to distinguish *Schaeffer v. Strelecki,* above, on the ground that in that case there did not exist any real issue of plaintiffs' contributory negligence, whereas in the present case that issue was strongly contested. It is argued that the jury, by its decision, in effect ignored the issue of plaintiff's contributory negligence because it was "distracted" by the fact that it would have to decide whether Cruz or an unknown driver was involved

in the accident, thereby ignoring the possibility that plaintiff could have been contributorily negligent. There is nothing in the record to indicate that the jury ignored this issue. Not only did the Director have a full opportunity to argue contributory negligence but, additionally, the trial judge charged the jury as to the law applicable to that issue. The jury unanimously found that Cruz was not involved in the accident. Its vote in finding an unknown driver responsible was 10-2. The only basis for the two dissenting votes would be either on the issue of contributory negligence or the amount of damages to be awarded, and since there was no real dispute as to the nature and extent of plaintiff's injuries or damages, the dissenters must have cast their negative vote on the basis of plaintiff's contributory negligence.

The Director also argues that the verdict was against the weight of the evidence. She concedes that a jury verdict is not to be set aside on that ground unless it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion, and that in applying the rule due consideration must be given to the opportunity of the jury to pass upon the credibility of the witnesses, citing *Massotto v. Public Service Coord. Transport Co.*, 71 *N. J. Super.* 39, 53 (App. Div. 1961). The issue presented to the jury was entirely factual, and its function was to analyze and assess the testimony as to its credibility and weight. The record supports its determination.

Affirmed.